Victor M. Sher, SBN 96197
Todd E. Robins, SBN 191853
Jeffrey Shopoff, SBN 46278
Esther L. Klisura, SBN 221171
SHER LEFF, LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
Tel:     (415) 348-8300
Fax:     (415) 348-8333
Email:  vsher@sherleff.com
          trobins@sherleff.com
          eklisura@sherleff.com

Attorneys for Plaintiff CITY OF LINDSAY

R. Gaylord Smith, SBN 72726
Malissa Hathaway McKeith, SBN 112917
Michael K. Johnson, SBN 130193
Joseph Salazar SBN 169551
LEWIS BRISBOIS BISGAARD & SMITH LLP
650 Town Center Drive, Suite 1400
Costa Mesa, CA 92626
Tel:     (714) 545-9200
Fax:     (714) 850-1030
Email:  smith@lbbslaw.com
          mckeith@lbbslaw.com
          johnsonm@lbbslaw.com
          jsalazar@lbbslaw.com

Attorneys for Defendant SQM NORTH AMERICA CORPORATION

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF LINDSAY, | Case No.  1:11-CV-00046-LJO-SMS |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| SOCIEDAD QUIMICA Y MINERA DE CHILE S.A.; SQM NORTH AMERICA CORPORATION; AND DOES 1 through 200, INCLUSIVE, | |
| Defendants. | |

1    1.    <u>PURPOSE AND LIMITATIONS</u>

2          Disclosure and discovery activity in this action are likely to involve production of

3    confidential, proprietary, or private information for which special protection from public

4    disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

5    Accordingly, the parties hereby stipulate to and petition the court to enter the following

6    Stipulated Protective Order.  The parties acknowledge that this Protective Order does not confer

7    blanket protections on all disclosures or responses to discovery and that the protection it affords

8    from public disclosure and use extends only to the limited information that is entitled to

9    confidential treatment under the applicable legal principles.  The parties acknowledge further

10   that this Protective Order does not entitle them to file confidential information under seal.  Civil

11   Local Rules 140, 141 and 141.1 set forth the procedures that must be followed and the standards

12   that will be applied when a party seeks permission from the court to file material under seal.

13   2.    <u>DESIGNATING CONFIDENTIAL INFORMATION</u>

14        2.1    For purposes of this Protective Order, "CONFIDENTIAL

15   INFORMATION" is information, designated as such in accordance with the provisions herein,

16   that the designating party in good faith believes contains personal, commercial, financial,

17   proprietary, or other confidential information.  Such CONFIDENTIAL INFORMATION

18   includes information that:

19              a.    Concerns or relates to the processes, operations, work, or apparatus, or to

20                    the production, sales, shipments, purchases, transfers, identification of

21                    customers, inventories, amount or sources of any income, profits, losses,

22                    or expenditure, of any persons, firm, partnership, corporation, or other

23                    organization, the disclosure of which information may have the effect of

24                    causing harm to the competitive position of the person, firm, partnership,

25                    corporation, or to the organization from which the information was

26                    obtained.

27

28

b.     Is produced or disclosed by a municipality or any federal, state or local agency and which discloses or constitutes:

     (i)     the physical address or geographic location of public drinking water wells, storage facilities, pumping stations and water treatment facilities;

     (ii)     water system schematics and facility maps;

     (iii)     pipeline maps;

     (iv)     facility plans and specifications;

     (v)     water system vulnerabilities which have not been publicly disclosed;

     (vi)     water system hydraulics or operational practices;

     (vii)     emergency operations and response plans; or

     (viii)     water system security plans, practices and/or precautions, including planned security enhancements.

2.2     CONFIDENTIAL INFORMATION protected by this Protective Order shall not include information that is:

a.     Lawfully received by a party from a source other than the party asserting the claim of confidentiality; or

b.     Public knowledge or information, or information that becomes public after disclosure other than through an act or omission of a person or entity receiving or maintaining the information designated as confidential.

2.3     Information may only be designated "CONFIDENTIAL INFORMATION" if it has been reviewed by an attorney and if that attorney entertains a good faith belief that the information is entitled to confidentiality as defined in section 2.1.

2.4     <u>Produced Documents</u>.  A party producing a document in formal or informal discovery that it, in good faith, believes constitutes or contains CONFIDENTIAL INFORMATION shall produce a copy of such document with a label that states

"CONFIDENTIAL INFORMATION" on the face of each page of the document.  As used herein, the term "document" includes all writings, electronically stored information and tangible things subject to production under Federal Rule of Civil Procedure 34(a)(1).  Any party receiving a document labeled as CONFIDENTIAL INFORMATION is responsible for maintaining the document as CONFIDENTIAL INFORMATION pursuant to this Protective Order.

    2.5 <u>Written Discovery</u>.  If a party responding to an interrogatory or other written discovery believes that its response contains CONFIDENTIAL INFORMATION, it shall set forth its response in a separate document that is produced and designated as CONFIDENTIAL INFORMATION in the same manner as a produced document under section 2.4.  The non-designated responses should make reference to the separately produced document containing the responses with CONFIDENTIAL INFORMATION, but such document should not be attached to the non-designated responses.

    2.6 <u>Deposition Transcripts</u>.  Unless otherwise agreed to by the parties or ordered by the Court, within 30 days after the receipt of a deposition transcript (or if the transcript is received within 30 days of the date set for the beginning of trial, within half of the number of days remaining before the date set for the beginning of trial), a party may inform the other parties to the action of the portions of the transcript that it wishes to designate as CONFIDENTIAL INFORMATION.  Until such time has elapsed, deposition transcripts in their entirety are to be considered as CONFIDENTIAL INFORMATION.  All parties in possession of a copy of a designated deposition transcript shall appropriately mark the transcript cover and the designated pages as containing CONFIDENTIAL INFORMATION.

    2.7 <u>Information Designated "Confidential" in Other Litigation</u>.  A party responding to discovery shall not withhold or object to the production of information in its possession, custody or control on the grounds that such information is or may be subject to a confidentiality or protective order entered in another proceeding, unless the information in question (a) was designated "confidential" in such other proceeding by an entity other than the responding party and (b) remains subject to the confidentiality or protective order in the other

proceeding, in which case the responding party may withhold the information, but shall provide the requesting party with the identity of the entity that designated the information "confidential," along with a description of the information sufficiently detailed to enable the requesting party to obtain such information directly from the designating entity.

3.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

3.1    Timing of Challenges.  Any party or non-party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

3.2    Meet and Confer.  The party challenging a designation of CONFIDENTIAL INFORMATION shall notify the designating party in writing.  The challenging and the designating parties shall promptly confer in an attempt to resolve their differences.  If the designating and challenging parties are unable to resolve their differences, the designating party shall have twenty-one (21) calendar days from the receipt of the written objection to file with the court a motion to retain confidentiality.  The designating party shall have the burden of proof on any such motion to justify the CONFIDENTIAL INFORMATION designation.  All documents initially designated as CONFIDENTIAL INFORMATION shall continue to be subject to this order unless and until the Court rules otherwise or the parties so agree in writing.  If a designating party elects not to make a motion to retain confidentiality with respect to documents to which a challenge has been made, it shall be deemed to have withdrawn its designation and shall send a copy of the previously designated documents without the CONFIDENTIAL INFORMATION designation to each party to whom the previously designated documents were originally produced.

4.    ACCESS TO AND USE OF CONFIDENTIAL INFORMATION

4.1     <u>Authorized Disclosures</u>.  Unless otherwise agreed by the parties or ordered by the Court, CONFIDENTIAL INFORMATION shall be disclosed by the receiving party only to the following persons:

      a.      Attorneys of record in this proceeding, including their necessary associates, paralegals, clerks, and secretarial and clerical personnel;

      b.      In-house counsel and their staff and those employees of a party designated by in-house counsel to assist with the prosecution or defense of the included actions.

      c.      Qualified persons taking testimony involving such information, and necessary stenographic, videotape and clerical personnel;

      d.      Trial experts, expert consultants and their staffs who are consulted by counsel for a receiving party;

      e.      Deponents and witnesses who already know the CONFIDENTIAL INFORMATION being disclosed (as confirmed through counsel in advance of any disclosure to the deponent or witness and/or as demonstrated by the deponent or witness being clearly shown as an author or prior recipient of the CONFIDENTIAL INFORMATION on the face of the document to be disclosed);

      f.      Discovery masters or settlement judges appointed by the Court or agreed to between the parties, who are engaged in proceedings connected with this action, and personnel regularly employed by them;

      g.      The Court, Court staff and other personnel before which this proceeding and/or any related action is pending.

A party may provide CONFIDENTIAL INFORMATION to authorized persons designated in sections 4.1(d) and 4.1(f) above only if such persons acknowledge in writing that they have read this Protective Order and agree to be bound by its terms.  (A form of such acknowledgment is attached hereto as Exhibit A.)  Such written acknowledgment shall not be

discoverable in this proceeding or any action included therein.  Each party takes responsibility for ensuring that all authorized recipients of CONFIDENTIAL INFORMATION are informed of and agree to this Protective Order.  Any disclosures under this section are authorized only to the extent necessary to prosecute or defend this litigation.

4.2     Unauthorized Disclosures.  If CONFIDENTIAL INFORMATION is disclosed to any person other than in the manner authorized by this Protective Order, the party or person responsible for the disclosure, and any other party or person who is subject to this order and learns of such disclosure (including without limitation all employees, officers, directors, agents and attorneys of each party to this lawsuit), shall immediately bring such disclosure to the attention of the designating party.  Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every reasonable effort to obtain the return of the CONFIDENTIAL INFORMATION and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

4.3     Court Filings.  If a party wishes to file a document that it has designated as containing CONFIDENTIAL INFORMATION, that party shall comply with the procedures set forth in Local Rule 141(b).  If a party wishes to file a document containing CONFIDENTIAL INFORMATION designated by another party, the submitting party must: (a) lodge the document, memorandum or other document in sealed envelopes or containers on which shall be recorded the title of this action, the general nature of the contents, and the notation "DOCUMENT SUBMITTED UNDER SEAL"; (b) lodge with the Clerk for delivery to the Judge's chambers a second copy of the entire document, in an identical labeled envelope or container, with the sealable portions identified; and (c) file and serve a Notice of Request to Seal Documents.  Within five (5) court days thereafter, the designating party must file and serve a Request to Seal Documents setting forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of the persons to be permitted access to the documents, and all other relevant information.  If the designating party does not file a Request to

1   Seal Documents within this time period, the document or proposed filing will be made part of the

2   public record absent a showing of good cause.

3        5.      USE OF CONFIDENTIAL INFORMATION AT TRIAL

4            CONFIDENTIAL INFORMATION which is subject to this Order, and deemed

5   admissible as trial evidence by the court, may be marked and used as trial exhibits by a party

6   according to the terms imposed by the trial court upon the request of a designating party at time

7   of trial.  It is the intent of the parties hereto that CONFIDENTIAL INFORMATION will not be

8   disclosed or available to any other parties or third persons, other than authorized disclosures as

9   stated in section 4.1 above, without the consent of the designating party and/or the Court.

10       6.      RETURN OF CONFIDENTIAL INFORMATION AFTER FINAL

11               DISPOSITION

12           Each receiving party must return all CONFIDENTIAL INFORMATION or destroy such

13   material within forty-five (45) days after final disposition of the lawsuit, as defined in section 9

14   below, although CONFIDENTIAL INFORMATION disclosed in this action may be used in the

15   action entitled *City of Pomona v. Sociedad Quimica y Minera de Chile S.A., et al.*, U.S.D.C.,

16   Central District of California, Case No. 1:11-CV-00167-RGK, subject to the Stipulated

17   Protective Order in place in that action, including the obligation to return or destroy all

18   CONFIDENTIAL INFORMATION within forty-five (45) days after final disposition of that

19   action.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all

20   pleadings, motion papers, legal memoranda, correspondence, expert reports, attorney work

21   product, and consultant and expert work product, even if such material contain

22   CONFIDENTIAL INFORMATION.  Any such archival copies that contain or constitute

23   CONFIDENTIAL INFORMATION remain subject to this Protective Order.

24       7.      CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED

25               PRODUCED IN OTHER LITIGATION

26           If a receiving party is served with a subpoena, request, or court order issued in other

27   litigation that compels disclosure of any information or items designated in this

28

1  action as CONFIDENTIAL INFORMATION, that party must:

2          a.      Promptly notify in writing the designating party, including a copy of the

3                  subpoena, request or court order;

4          b.      Promptly notify in writing the party seeking the CONFIDENTIAL

5                  INFORMATION that some of the requested information is subject to this

6                  Protective Order, and provide a copy of this Protective Order; and

7          c.      Cooperate with respect to all reasonable procedures sought to be pursued

8                  by the designating party whose CONFIDENTIAL INFORMATION may

9                  be affected.

10         If the designating party timely seeks a protective order, the party served with the

11  subpoena, request or court order shall not produce any information designated in this action as

12  CONFIDENTIAL INFORMATION before a determination by the court from which the

13  subpoena, request, or order issued, unless the party has obtained the designating party's

14  permission.  The designating party shall bear the burden and expense of seeking protection in

15  that court of its confidential material, and nothing in these provisions should be construed as

16  authorizing or encouraging a receiving party in this action to disobey a lawful directive from

17  another court.

18         8.      INADVERTENT DISCLOSURE OR PRODUCTION

19         The inadvertent production of any privileged or otherwise protected or exempted

20  information, as well as the inadvertent production of information without an appropriate

21  designation of confidentiality, shall not be deemed a waiver or impairment of any claim of

22  privilege, protection or confidentiality, including but not limited to the attorney-client privilege,

23  the protection afforded to work product materials or the subject matter thereof, or the

24  confidential nature of any such information, provided that the producing party shall immediately

25  notify the receiving party in writing when inadvertent production is discovered.  Upon receiving

26  written notice from the producing party that privileged information, work product material or

27  CONFIDENTIAL INFORMATION has been inadvertently produced, all such information, and

28

all copies thereto shall be kept by counsel for the receiving party and counsel shall not use such

information for any purpose until further order of the Court, or until the producing and receiving

parties have agreed upon a satisfactory resolution of the inadvertently produced information.

The producing party may then, if necessary, move the court for an order compelling return of the

material.  Any analyses, memoranda or notes which were internally generated based upon such

inadvertently produced information shall immediately be treated in conformance with the

protected nature of the information.

      9.    <u>DURATION</u>

      Even after final disposition of this lawsuit, the confidentiality obligations imposed by this

Protective Order shall remain in effect until a designating party agrees otherwise in writing or a

court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of

all claims and defenses in this action, with or without prejudice; and (2) final judgment herein

after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

action, including the time limits for filing any motions or applications for extension of time

pursuant to applicable law.  The Court shall retain jurisdiction to resolve any dispute concerning

this agreement or the CONFIDENTIAL INFORMATION even after final disposition of this

lawsuit.


IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED:   May 25, 2011      By:    /s/ Esther L. Klisura
                           Victor M. Sher
                           Todd E. Robins
                           Jeffrey Shopoff
                           Esther L. Klisura
                           SHER LEFF, LLP
                           450 Mission Street, Suite 400
                           San Francisco, CA 94105
                           Telephone: (415) 348-8300
                           Facsimile: (415) 348-8333

                           Julia M. Lew
                           City Attorney
                           McCORMICK KABOT JENNER & LEW
                           1220 West Main Street

1

Visalia, CA 93291
Telephone: (559) 734-6729
Facsimile: (559) 734-8762

2

Attorneys for Plaintiff CITY OF LINDSAY

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5   DATED:   May 25, 2011          By:      /s/ Michael K. Johnson
6                                           R. Gaylord Smith
                                            Malissa Hathaway McKeith
7                                           Michael K. Johnson
                                            Joseph Salazar
8                                           LEWIS BRISBOIS BISGAARD & SMITH LLP
                                            650 Town Center Drive, Suite 1400
9                                           Costa Mesa, CA 92626
                                            Telephone: (714) 545-9200
10                                          Facsimile: (714) 850-1030
11                                          Attorneys for Defendant SQM NORTH AMERICA
                                            CORPORATION
12
13
14
15                                    **EXHIBIT A**
16                    <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>
17          I, _____[print or type full name], of _____[print or type full

18   address], declare under penalty of perjury that I have read in its entirety and understand the

19   Stipulated Protective Order that was issued by the United States District Court for the Easter District

20   of California on _____[date] in the case of *City of Lindsay v. Sociedad Quimica y Minera de*

21   *Chile S.A., et al*, Case No. 1:11-CV-00046-LJO-SMS.  I agree to comply with and to be bound by all

22   the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so

23   comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise

24   that I will not disclose in any manner any information or item that is subject to this Stipulated

25   Protective Order to any person or entity except in strict compliance with the provisions of this Order.

26
27
28

1  I further agree to submit to the jurisdiction of the United States District Court for the Eastern District

2  of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such

3  enforcement proceedings occur after termination of this action.

4

5  Date: _____

6  City and State where sworn and signed: _____

7  Printed name: _____

8  Signature: _____

9

10

11

12  PURSUANT TO STIPULATION,

13

14

15

16  IT IS SO ORDERED.

17      Dated:   __May 26, 2011__                _____/s/ Sandra M. Snyder__
                                                 UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28