IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF LINDSAY, | CASE NO. CV-F-11-0046 LJO SMS |
| Plaintiff, | ORDER ON PLAINTIFF'S MOTION TO STRIKE PURSUANT TO RULE 12(f) |
| vs. | |
| SOCIEDAD QUIMICA Y MINERA DE CHILE S.A.; SQM NORTH AMERICA CORPORATION; | |
| Defendant. / | |

By motion filed on May 23, 2011, Plaintiff City of Lindsay ("Lindsay") moves to strike defendant SQM North America Corporation's ("SQMNA") counterclaim pursuant to Fed.R. Civ.P. 12(f). Defendant SQMNA filed an opposition to the motion on June 6, 2011. Lindsay filed a reply on June 13, 2011. Pursuant to Local Rule 230(g), these motions were submitted on the pleadings without oral argument, and the hearing set for June 20, 2011 was VACATED. Having considered the moving, opposition and reply papers, as well as the Court's file, the Court issues the following order. The issue before the court is whether the counterclaim should be stricken on the basis of redundancy.

**FACTUAL BACKGROUND**

This is an action by Lindsay against a fertilizer manufacturer for allegedly contaminating Lindsay's groundwater. SQMNA is a manufacturer and distributor of fertilizer products. Lindsay alleges that perchlorate, a toxic substance, is contained in SQMNA's fertilizer products. Lindsay contends that the defendant's perchlorate-containing fertilizer products were applied in the vicinity of certain drinking water production wells owned and operated by Lindsay, and that the perchlorate in those products has migrated through the subsurface and into the groundwater. Lindsay contends

perchlorate now contaminates the water supply at levels exceeding regulatory standards. Lindsay alleges that perchlorate has been detected in varying amounts at varying times in water extracted from Lindsay's existing wells.

Lindsay filed this lawsuit to recover compensatory and other damages, including all necessary funds to reimburse the City for the costs of designing, constructing, installing, operating and maintaining the treatment facilities and equipment required to comply with California safe drinking water laws and to remove perchlorate from its drinking water supplies. The complaint alleges three causes of action (1) product liability (design defect), (2) products liability (failure to warn) and (3) negligence.

SQMNA filed an answer on January 5, 2011, asserting a general denial and thirty-eight affirmative defenses. Some of the affirmative defense go to the cause of injury and the non-defective nature of the SQMNA's product:

### Third Affirmative Defense

The City's damages, if any, are barred, in whole or in part, by the City's own actions or the actions of third parties, including but not limited to the City's agents, that contributed to or were the sole cause of damages the City allege [sic] to have suffered.

### Fourth Affirmative Defense

SQMNA's conduct was not the cause of any injuries alleged by the City.

### Seventh Affirmative Defense

The City suffered no losses or injuries that were proximately caused by SQMNA.

### Fifteenth Affirmative Defense

The City's causes of action are barred, in whole or in part, because the damages and losses alleged by the City, if any exist, were created by its own acts of negligence and unreasonable conduct, and not by the acts of SQMNA.

### Thirty-first Affirmative Defense

SQMNA is entitled to total or partial indemnity from those individuals or entities who are responsible for the City's injuries or damages, if any, in an amount in direct proportion to their relative culpability.

1    On May 6, 2001, SQMNA filed a counterclaim for declaratory relief. The declaratory relief
2 action seeks to adjudicate that Lindsay is the sole responsible party for the contamination and
3 SQMNA is not the legal cause of any injuries or damages Lindsay alleges to have suffered.

4    Lindsay moves to strike the counterclaim as redundant of SQMNA's answer and affirmative
5 defenses.

## ANALYSIS AND DISCUSSION

### A. Standards for Motion to Strike

Fed. R. Civ. P. 12(f) empowers a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Motions to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992); *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991). "[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023 (1994). "[A] motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479, n. 34 (C.D. Cal. 1996).

### B. Redundancy of Counterclaim

Lindsay argues that SQMNA's counterclaim should be dismissed. The counterclaim is redundant of SQMNA's affirmative defenses. The counterclaim does not set out new claims but merely reiterates SQMNA's position that it should not be liable for Lindsay's damages. Lindsay argues that the counterclaim is wholly redundant and serves no useful purpose.

SQMNA argues the counterclaim is not redundant because it seeks relief that exceeds the scope of the complaint. The issue of Lindsay's sole negligence in causing the contamination of the groundwater (and contamination different and separate from perchlorate) will not necessarily be determined by the complaint. SQMNA further argues that unlike an affirmative defense, declaratory

3

relief provides more certainty and security with respect to rights, status, and other legal relations. The declaratory relief will provide certainty as to whether Lindsay is responsible. In contrast, a successful defense to the complaint based on the affirmative defenses alleged will only excuse or limit SQMNA's liability in the current matter.

A "redundant" matter consists of allegations that constitute a needless repetition of other averments or which are foreign to the issue to be decided. *Wilkerson v. Butler,* 229 F.R.D. 166, 170 (E.D.Cal. 2005). "[W]here a plaintiff has alleged a substantive cause of action, a declaratory relief claim should not be used as a superfluous 'second cause of action for the determination of identical issues' subsumed within the first.'" *Jensen v. Quality Loan Service Corp.*, 702 F.Supp.2d 1183, 1189 (E.D. Cal.2010) (quoting *Hood v. Superior Court*, 33 Cal.App.4th 319, 324, 39 Cal.Rptr.2d 296 (1995)). Declaratory relief may be unnecessary where an adequate remedy exists under some other cause of action. *See Mangindin v. Wash. Mut. Bank*, 637 F.Supp.2d 700, 707 (N.D.Cal.2009).

A dismissal of counterclaims as redundant is not warranted simply because they concern the same subject matter or arise from the same transaction as the complaint. *See Stickrath v. Globalstar, Inc.*, 2008 WL 2050990, 4 (N.D.Cal. 2008). The proper inquiry is whether the counterclaims "serve any useful purpose." *Pettrey v. Enterprise Title Agency, Inc.*, 2006 WL 3342633 at *3 (N.D.Ohio 2006) (citing Wright, Miller & Kane, 6 Federal Practice & Procedure 2d § 1406). A counterclaim should be stricken "only when it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim." *Stickrath v. Globalstar, Inc.*, 2008 WL 2050990, 4.

Here, SQMNA's declaratory relief counterclaim alleges the following issues in controversy:

a. Chilean fertilizer imported by SQMNA is not a defective product;

b. SQMNA has no liability to Lindsay for damages, response costs, or other costs claimed in this action for defective product design arising out of the presence of perchlorate in the groundwater;

c. SQMNA has no liability to Lindsay for damages, response costs, or other costs claimed in this action for failure to warn arising out of the presence of perchlorate in the groundwater; and

d. The direct cause, if any, of Lindsay's damages are the actions and inactions of

        Lindsay itself, and therefore Lindsay should be ordered to cleanup all groundwater contamination to the extent any remediation is required.

    e.    The direct cause, if any, of Lindsay's damages is the conduct of third parties whose behavior Lindsay has permitted and condoned and whom Lindsay has sought not to join in this litigation. To the extent that any damages have been suffered, the proportionate share of those third parties costs should not be borne by SQMNA, whose liability is severable.

The Court finds that the declaratory relief action contains some redundancy, but also contains allegations that "serve a useful purpose." Redundancy exists as to the first issue in controversy: whether the fertilizer product is defective. The defective nature of the fertilizer will be determined in the main complaint, because Lindsay claims strict liability based upon SQMNA's defective product. Therefore, the Court strikes this redundant issue from the declaratory relief counterclaim.

Redundancy also exists as to the second and third issues in controversy: SQMNA has no liability for damages. SQMNA's liability for damages will also be determined in the main complaint, because Lindsay seeks damages and SQMNA denies its product caused groundwater contamination. Therefore, the Court strikes these redundant issues from the declaratory relief counterclaim.

The fourth and fifth issues in controversy, however, are not redundant: whether Lindsay's or third parties' conduct or products are responsible for the groundwater contamination. These issues seek a declaration and determination that Lindsay and/or others caused the contamination. SQMNA seeks an affirmative declaration that plaintiff caused the contamination. This determination is different from that which possible in the main action. In the main action, if SQMNA prevails, the result is that SQMNA will have been found not liable. The judgment will not determine who is the responsible party for the groundwater contamination. SQMNA seeks such a determination, whether Lindsay or third parties were the cause of the contamination. Thus, the Court finds that the counterclaim is not entirely redundant and the non-redundant parts serve a useful purpose in this

litigation.[1]  These allegations will not be stricken.

**C.     Prayer for Attorneys' Fees**

Lindsay asks the Court to strike the SQMNA's request for attorneys fees and costs on the ground that the request is deficient as a matter of law.  Lindsay argues that the request under Cal.Code Civ.Proc §1021.5 is improper because there is not any benefit to the general public.  Lindsay argues that SQMNA's individual financial stake in the litigation is motivating its counterclaim.  Lindsay argues that the counterclaim seeks to deprive the city of recovery of funds to implement a treatment facility.

SQMNA requests attorney's fees pursuant to Cal.Code Civ.Proc §1021.5, the private attorney general statute.  California Code of Civil Procedure § 1021.5 authorizes an "award of attorneys' fees to a successful party" in an action "which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement . . . are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any."

A litigant's personal interest must not be significant in the litigation.  Fees are recoverable "'"when the cost of the claimant's legal victory transcends his personal interest, that is, when the necessity for pursuing the lawsuit placed a burden on the plaintiff 'out of proportion to his individual stake in the matter.'" *Bowman v. City of Berkeley*, 131 Cal.App.4th 173, 181, 31 Cal.Rptr.3d 447, 454 (2005), citing *Woodland Hills Residents Assn., Inc. v. City Council*, 23 Cal.3d 917, 941, 154 Cal.Rptr. 503 (1979). *See Protect Our Water v. County of Merced*, 130 Cal.App.4th 488, 496, 30 Cal.Rptr.3d 202 (2005) (significant public benefit where litigation prompted agency to improve methods of creating and managing its CEQA records.)  "A party can thus be denied fees where the primary purpose in bringing suit was to pursue and protect its own property rights rather than to further a significant public interest." *Bowman v. City of Berkeley*, 131 Cal.App.4th at 181.  "It is

---

[1] In its reply, Lindsay argues SQMNA lacks Article III standing to assert a claim that other contaminants, and not perchlorate, caused the contamination.  (Doc. 23, Reply p. 2-3.)  This Court does not address this argument.  The motion currently before the Court is one made pursuant to Rule 12(f).  The motion does not involve deficiencies pursuant to Rule 12(b).

within the trial court's discretion to deny attorneys' fees pursuant to section 1021.5 on the ground that the plaintiff's personal stake in the outcome was not disproportionate to the burden of private enforcement, even where the litigation enforced an important right and conferred a significant benefit upon the public." *Satrap v. Pac. Gas & Elec. Co.*, 42 Cal.App.4th 72, 78, 49 Cal.Rptr.2d 348 (1996).

Here, SQMNA's personal interest is the significant interest in the litigation. SQMNA seeks to adjudicate, as between itself and others, the responsible party for perchlorate contamination. Undoubtedly, there is a side public interest in the litigation. The public may learn who is responsible. Nonetheless, the litigation is premised upon absolving SQMNA from liability, finger pointing to Lindsay, and as candidly stated by SQMNA, force Lindsay to take responsibility so that SQMNA will not be sued again. (Doc. 21, Opposition p. 8-9.) The declaratory relief action does not seek enforcement of environmental laws, or seek any affirmative action as to Lindsay's conduct, other than the declaration of respective liabilities between Lindsay and SQMNA. This declaratory relief action is motivated by SQMNA's own pecuniary interests and opportunity for SQMNA to leverage its position against Lindsay by claiming attorney's fees. *See e.g.*, *Whitaker v. Countrywide Financial Corp.*, 2010 WL 4537098, 4 (C.D. Cal. 2010) (striking plaintiffs' prayer for attorneys' fees pursuant to Cal.Code Civ. Proc. § 1021.5); *Medical Development Intern. v. California Dept. of Corrections and Rehabilitation*, 2010 WL 2077143, 8 (N.D.Cal. 2010) (striking claim for attorney fees pursuant to 1021.5 where claims were more than sufficient financial interest "to encourage private litigation to enforce the right.")

The Court finds that the claim for attorney's fees pursuant to Cal.Code Civ.Proc §1021.5 should be and is hereby stricken. This is based on this Court's finding that the primary purpose in bringing the countersuit was to pursue and protect SQMNA's own property rights rather than to further a significant public interest.

/////

/////

/////

**CONCLUSION AN ORDER**

For the foregoing reasons, the Court GRANTS in part and DENIES in part the motion to strike:

1. The Court STRIKES the redundant allegations in the declaratory relief claim as more fully set forth in this order.
2. The Court STRIKES the claim for attorney's fees pursuant to Code Civ.Proc. §1021.5.
3. The Court DENIES the motion as to all other allegations.

IT IS SO ORDERED.

**Dated:  June 20, 2011**                /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE