R. GAYLORD SMITH, SBN 72726
MALISSA HATHAWAY MCKEITH, SBN 112917
JOSEPH A. SALAZAR, SBN 169551
MICHAEL K. JOHNSON, SBN 130193
YAMIN T. SCARDIGLI, SBN 253538
LEWIS BRISBOIS BISGAARD & SMITH LLP
650 Town Center Drive, Suite 1400
Costa Mesa, CA   92626
Tel:   (714) 545-9200
Fax:   (714) 850-1030
Email: smith@lbbslaw.com
       mckeith@lbbslaw.com
       jsalazar@lbbslaw.com
       johnsonm@lbbslaw.com
       scardigli@lbbslaw.com

Attorneys for Defendant
SQM NORTH AMERICA CORPORATION

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| CITY OF LINDSAY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SOCIEDAD QUIMICA Y MINERA DE CHILE, S.A.; SQM NORTH AMERICA CORPORATION; AND DOES 1 through 200, INCLUSIVE,<br><br>　　　　Defendants. | CASE NO.  1:11-cv-00046-LJO-SMS<br><br>**STIPULATED PROTECTIVE ORDER REGARDING WATER SUPPLY / QUALITY DOCUMENTS FROM CDPH**<br>**(Doc. 61)** |

　　　　IT IS HEREBY STIPULATED by defendant SQM North America Corporation ("SQMNA") and the California Department of Public Health ("CDPH"), by and through their undersigned attorneys of record, that a Protective Order be entered by this Court with regard to records produced by CDPH as follows:

　　　　1.　　When used in this Protective Order ("Order"), the word "Litigants" means all parties and their attorneys of record in the following matter: *City of*

*Lindsay v. SQMNA*, Case No.: 1:11-cv-00046-LJO-SMS ("Action"). The term "Parties" means the Litigants and the CDPH.

2. The Court recognizes that: (1) there exists the very real possibility of damage to or destruction of the nation's water supply and water quality infrastructure by terrorist activities thereby threatening public health and the environment, or possibly causing loss of life; (2) since the terrorist activities of September 11, 2001, water utilities have been under heightened security conditions; (3) threats resulting in physical destruction to any of these systems could include disruption of operating or distribution system components and actual damage to reservoirs and pumping stations; (4) a loss of flow and pressure would cause problems for customers and would hinder firefighting efforts; and, (5) bioterrorism or chemical threats could result in the distribution of microbiological agents or toxic chemicals to households across the state, which could endanger the public health of thousands. The Court recognizes that under the laws, regulations, and the policies of the State of California and the United States of America, certain precautions relative to certain information regarding various water systems are necessary to protect the security of those systems. The Court also recognizes that the purpose of this Order is to assure that production of this information in the Action will not create a threat to public health and safety.

3. The Court finds that some of the information with respect to water supply and water quality infrastructure demanded pursuant to a subpoena served on CDPH and certain information being sought or which may be sought in the future in discovery is sensitive, confidential, and related to public safety. Such information includes any and all information which is deemed confidential under law and all water system operating infrastructure and locational information, including:

  a. Water System schematics and facility maps;
  b. Pipeline maps;

      c.      Facility plans and specifications;

      d.      Consultant and internally generated reports that analyze water system vulnerabilities;

//

      e.      Documents that explain water system hydraulics or operation practices;

      f.      Emergency operations and response plans;

      g.      Operation and maintenance manuals;

      h.      Security related documents;

      i.      Distribution related documents;

      j.      Water source related documents;

      k.      Water quality related documents;

      l.      Personal information about employees and customers, such as their individual identities, phone numbers, or addresses;

      m.      Pumping levels of wells;

      n.      Production records of wells;

      o.      Operational memoranda;

      p.      Well and plant site addresses and other information related to the location of infrastructure;

      q.      Types of chemicals used at each site including their storage;

      r.      Types of power used to run each plant including redundancy power for emergencies; and,

      s.      Well and soil boring logs for water supply wells.

4.      When used in this Order, "Confidential/Public Safety Information" refers to information designated by CDPH as "Confidential/Public Safety

Information" and includes, but is not limited to, writings, recording, and photographs (collectively "documents") as defined by Rule 1001 of the Federal Rules of Evidence. Data that is available on computer systems and verbal communications are also considered Confidential/Public Safety Information if they contain, embody, mention, relate to, or relay any of the above information.

//

/

5. The purpose of this Order is to meet the Litigants' discovery needs without compromising the public's need to keep sensitive information confidential in the interest of public health and safety.

6. All Confidential/Public Safety Information shall be used by the Litigants to whom such information is disclosed, solely for the prosecution, defense, or settlement of the Action, and shall not be used for any other purpose including, but not limited to, use in any other litigation, whether in this Court or otherwise, except as specifically set forth herein, or as permitted by further order of the Court.

7. None of the Litigants shall divulge, permit access to, or disseminate any Confidential/Public Safety Information produced by CDPH to any individuals or entities, unless expressly authorized to do so by the terms of this Order, or by further order of Court.

8. Any information, as delineated in paragraph 3 above, shall be stamped, watermarked, or otherwise denoted with the phrase "Confidential/Public Safety Information."

9. Because of the sensitivity of the Confidential/Public Safety Information, all copies (electronic, hard copy, or otherwise) of documents contained or referring to Confidential/Public Safety Information produced shall bear the stamp or watermark set forth in paragraph 8 above. No photocopies made may in any way alter, mar, or otherwise interfere with the confidentiality stamp or watermark. If any

such alteration, marring, or interfering with the confidentiality stamp or watermark occurs, those documents must be destroyed and the method and date of destruction shall be reported to CDPH within forty-eight (48) hours of said occurrence.  Any Litigant who makes photocopies of documents designated as "Confidential/Public Safety Information" must also keep track of all copies by recording, in writing, the number of copies, the Bates-Stamp numbers of the copied pages, who made the copies, and to whom the copies were provided.  Said information must be provided to the CDPH upon reasonable request.  Further, all copies of Confidential/Public Safety Information in possession of the Litigants (other than the disclosing party) when not in actual use, shall be kept in a secure facility, and there shall be a list of individuals who have access to the secure facility housing the Confidential/Public Safety Information.  Said information must also be provided to CDPH upon reasonable request.  Nothing in this paragraph shall prevent the Litigants from employing an electronic document management system for storing and distributing the documents, provided the electronic copies bear a Bates stamp and the confidentiality stamp, and access to the database is provided only to those Litigants who have executed a Non-Disclosure Agreement attached to this Protective Order or to employees of the database provider as necessary to maintain the database.

10. Confidential/Public Safety Information may be used in depositions and marked as deposition exhibits in this Action, as long as the portions of the particular document, which contain or refer to Confidential/Public Safety Information, are appropriately stamped "Confidential/Public Safety Information" as set forth in paragraph 8 above, and treated in accordance with this Order.

11. Confidential/Public Safety Information may also be referred to in written discovery requests and/or responses as long as the portions of the particular discovery document that contain or refer to Confidential/Public Safety Information are appropriately stamped "Confidential/Public Safety Information" as set forth in

paragraph 8 above, and treated in accordance with this Order.

12. Confidential/Public Safety Information may also be referred to in motions, briefs, or other papers filed with the Court in this Action, as long as the portions of the particular document that contain or refer to Confidential/Public Safety Information are appropriately stamped as "Confidential/Public Safety Information" as set forth in paragraph 8 above, and treated in accordance with this Order. The Litigants proposing to file or refer to such documents with the Court shall first obtain appropriate orders to preserve the confidentiality of such documents as may be required under pertinent Eastern District of California Local Rules (the "Local Rules").

//

13. Confidential/Public Safety Information may be disclosed or referred to in testimony at trial in this Action or offered in evidence at the trial of this Action subject to all applicable Rules of Evidence. The sealing of the record of any such proceedings shall be subject to the provisions of Eastern District Local Rules. The Litigants proposing to file or refer to such Confidential/Public Safety Information shall seek an order for sealing of the Confidential/Public Safety Information pursuant to Eastern District Local Rule and provide CDPH thirty-five (35) days notice in advance of trial of intent to use such Confidential/Public Safety Information.

14. The Litigants obtaining Confidential/Public Safety Information in discovery in this Action are the temporary custodians of the Confidential/Public Safety Information, and shall not grant possession of the Confidential/Public Safety Information to any other person or entity unless expressly authorized by the terms of this Order.

15. Litigants with Confidential/Public Safety Information shall make every effort to limit the number of persons who view the information. Subject to the terms

and conditions of this Order, the Litigants may permit the following persons or entities to view the Confidential/Public Safety Information, if and only if such persons or entities must have the information to produce their required work product:

    a. Counsel for the Litigants who are actively engaged in the conduct of this litigation, including partners, associates, law clerks, paralegals, and secretaries employed or engaged by the Litigants;

    b. Employees, officers, or officials of the Litigants who have need for such information for purposes of this Action;

    c. Employees of copy services and electronic database providers to the extent necessary to copy or maintain an electronic database of the Confidential/Public Safety Information;

    d. Deposition witnesses in this Action, to the extent necessary for the witness' preparation for testimony;

    e. Experts or consultants actually hired or retained and actually performing work for the Litigants for purposes of this Action, who in the ordinary course of their retention are required to review the Confidential/Public Safety Information to prepare or formulate opinions or conclusions;

    f. Court reporters (except court reporters employed or affiliated with the United States District Court), persons monitoring video equipment at depositions, and any special master or discovery referee (except those employed or affiliated with the United States District Court); and,

      g.    Any person designated by the Court in the interest of justice, upon such terms, as the Court may deem proper.

16.    The Litigants shall take all reasonable and necessary measures to ensure that the persons described in paragraph 15 above do not view any Confidential/Public Safety Information unless and until they have:

      a.    Read this Order and agreed to be bound by its terms; and,

      b.    Completed and signed the Non-Disclosure Agreement ("Agreement") in the form attached hereto.

17.    Each person described in paragraph 15 above who is to view the Confidential/Public Safety Information agrees to be and is deemed to be within the personal jurisdiction of this Court, including its contempt power, by signing a copy of the attached Agreement.

18.    The Litigants who are the temporary custodians of the Confidential/Public Safety Information shall maintain an accurate and complete record of all persons described in paragraph 15 above who have been permitted to view the Confidential/Public Safety Information, and shall maintain custody of the Agreements. The Court, on its own motion, or on the motion of any Party, may require the production of the Agreements for inspection by the Court.

//

/

19.    Should any of the Parties become aware of any violation of this Order, said Parties shall enforce this Order through applicable Eastern District Local Rules. Further, the Litigant(s) agree to the following:

      a.    Fully cooperate with CDPH in determining the nature of the breach of this Order, and what methods have been invoked or changed to make sure the

breach does not occur again;

      b.    Fully cooperate with CDPH in amending this Order as may be necessary to provide assurances that the breach does not occur again;

      c.    Fully cooperate with any law enforcement agency investigating the breach; and,

      d.    If a Litigant becomes aware of the review of information labeled Confidential/Public Safety Information by person(s) not bound by this Order, then Litigant will report such violation(s) to CDPH within twelve (12) hours and also take any reasonably, necessary, and appropriate steps to ensure the confidentiality of Confidential/Public Safety Information.

20.    Within thirty (30) days following the final conclusion of this Action, all Litigants shall either return all Confidential/Public Safety Information to CDPH or destroy all Confidential/Public Safety Information and document such destruction. Additionally, within thirty (30) days following the final conclusion of this Action, the Court shall, upon request of any Party, make such further orders concerning the retention and/or return of Confidential/Public Safety Information produced pursuant to the provisions of the Order as may be appropriate.

21.    No Litigant shall disclose any portion of the subject matter or contents of the Confidential/Public Safety Information to any person or entity not authorized hereunder, except to the Court.

22.    Upon an alleged violation of this Order, any Party may seek relief from this Court.

//

23.    In the event a Party or non-party wishes to challenge the designation by CDPH of any document as "Confidential / Public Safety Information," that Party or non-party shall notify the CDPH, in writing, and the challenging Party or non-party

shall promptly meet and confer with CDPH in an attempt to see if any actions, such as redaction of sensitive information or blurring of locational information on a pictorial representation, can be taken to resolve confidentiality issues. If the CDPH and challenging party(s) are unable to resolve the confidentiality issues, the challenging Party or non-party shall have twenty-one (21) calendar days from the date of the written challenge to the designation to file with the court a motion to remove the confidentiality designation, and shall have the burden of proof on any such motion to justify the removal of the confidentiality designation. All documents initially designated as "Confidential / Public Safety Information" shall continue to be subject to this Order unless and until the Court rules otherwise or the parties so agree, in writing.

*********************************
**NON-DISCLOSURE AGREEMENT**

I, _____, declare under penalty of perjury that:

1. My address is: _____
2. My present employer is: _____
3. My present occupation or job description is: _____
4. I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Protective Order ("Order") regarding documents produced by the California Department of Public Health ("CDPH") in the matter of *City of Lindsay v. SQMNA, et al.*, United States District Court, Eastern District of California Case No.: 1:11-cv-00046-LJO-SMS ("the Action"); that I will hold in confidence and not disclose to anyone not bound by the Order any of the contents of any confidential information received under the protection of the Order; and, that I will comply with and be bound by all of the terms and conditions of the Order.
5. I will return or destroy all confidential information obtained the earlier of "my work on this matter" or "30 days following the final conclusion of the

Action." I acknowledge that returning or destroying such materials shall not relieve me from any of the continuing obligations imposed upon me by the Order.

      6.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Non-Disclosure Agreement.

IT IS SO ORDERED.

Dated:   **June 6, 2012**                         **/s/ Sandra M. Snyder**
                                                                                  UNITED STATES MAGISTRATE JUDGE