# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF LINDSAY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOCIEDAD QUIMICA Y MINERA DE CHILE, S.A., et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:11-cv-00046-LJO-SMS<br><br>ORDER STAYING PROCEEDINGS PENDING ISSUANCE OF AN OPINION IN *CITY OF POMONA v. SOCIEDAD QUIMICA Y MINERA DE CHILE S.A.* (9th Cir.)(No. 12-55147)<br><br>(Doc. 35) |

Plaintiff City of Lindsay moves for a stay of proceedings pending the decision of the United States Appellate Court for the Ninth Circuit in the related matter *City of Pomona v. Sociedad Quimica Y Minera De Chile S.A.* (C.D.Ca. No. 2:11-CV-00167-RGK-VBK; 9th Cir. No. 12-55147). Having reviewed the record in both cases and applicable law, the Court orders proceedings in this matter stayed.

**I.    Procedural and Factual Background**

On October 18, 2007, the State of California adopted a regulation imposing a maximum contaminant level of six parts per billion on perchlorate in drinking water. 15 Cal. Code Regs. § 116275(f). In December 2007, Plaintiff Lindsay, a small agricultural community in Tulare County, California, which owns and operates a public drinking water system, discovered that the level of perchlorate in three of its water wells exceeded the regulatory level. As a result, Plaintiff became unable to draw drinking water from those wells pending construction of a treatment facility capable of removing the perchlorate from Plaintiff's drinking water.

///

Plaintiff alleges that the contamination resulted from the use of Chilean nitrate fertilizers imported and sold by Defendants prior to the early 2000's, when Defendants altered the fertilizers to exclude perchlorate. Defendants marketed the fertilizers for use in citrus farming. A citrus grove is located approximately 300 feet from a contaminated water well in Lindsay.

Defendants have produced documents establishing that it sold Chilean nitrate fertilizers to agricultural supply companies in and near Lindsay. In addition, Plaintiff has secured the services of an expert witness, Neil Sturchio, Ph.D., an isotopic geochemist who has used a technique called stable isotope analysis to determine that the type of perchlorate in Plaintiff's water wells is the unique type of perchlorate found only in Chilean caliche ore which was mined in Chile's Atacama Desert and used in Defendants' fertilizer.

On December 14, 2010, Plaintiff filed a complaint against Defendants in Tulare County Superior Court. Based diversity jurisdiction, Defendants removed the case to this Court on January 10, 2011.

Plaintiff's counsel also represents the City of Pomona, California, in a similar suit against Defendants for perchlorate contamination of Pomona's water supply. Defendants are represented by the same counsel in both cases. On or about March 7, 2011, Plaintiff moved to transfer this case to the District Court for the Central District of California for coordinated or consolidated pretrial proceedings.

On April 29, 2011, Defendants moved for a case management order of the type employed in *Lore v. Lone Pine Corp*., 1986 WL 637507 (N.J.Super. Law November 18, 1986) (No. L-33606-85). In *Lone Pine*, a toxic tort case, a New Jersey Superior Court required the plaintiffs to provide documentation of (1) each plaintiff's exposure to the toxic substances at the Lone Pine Landfill and medical reports supporting each plaintiff's claimed ensuing injuries; and (2) each plaintiff's address and documentation supporting the plaintiff's claim of diminished property value. *Id.* at *2.

On May 16, 2011, the Judicial Panel on Multidistrict Litigation heard Plaintiff's motion to transfer the case from this Court to the Central District court. On May 20, 2011, the MDL panel denied transfer. *In re Chilean Nitrate Products Liability Litigation*, 787 F.Supp.2d 1347

(J.P.M.L. 2011). Although the panel acknowledged that the two cases shared some factual issues, notably contamination of each municipality's drinking water supply with perchlorate, a toxic chemical found in Defendants' fertilizer, the panel observed that "each action also appears to involve numerous individualized issues, including whether (and, if so, when) those fertilizer products were used in the subject municipalities, the dates and extent of application of those products, and possible other sources of perchlorate contamination." *Id.* The panel also noted that only two cases were involved in the motion, that counsel were the same in both actions, and that counsel had indicated their intention to cooperate in discovery. *Id.*

On June 23, 2011, the Magistrate Judge heard argument on Defendants' *Lone Pine* case management motion (Doc. 11) and reserved judgment.

On January 6, 2012, following a *Daubert*[1] hearing in *City of Pomona*, Judge R. Gary Klausner of the Central District excluded Dr. Sturchio's expert testimony on behalf of Pomona, concluding that Dr. Sturchio's proposed testimony was not scientifically reliable. On January 7, 2012, the parties stipulated to dismissal with prejudice of *City of Pomona*, explicitly preserving each party's right to appeal. Plaintiff appealed the exclusion of its expert, and Defendants cross-appealed various discovery and summary judgment orders. On January 31, 2012, the court of appeals suspended briefing and issued an order to show cause why the appeals should not be dismissed for lack of appellate jurisdiction. (The parties' briefing of the jurisdictional question is complete, pending the appellate court's determination.)

On January 24, 2012, Defendants moved for a decision on the *Lone Pine* motion. On February 3, 2012, Plaintiff moved to stay proceedings in this action until resolution of its appeal in *City of Pomona.*

**III.   Stay of Case**

A court has the inherent power to stay proceedings as an incident to its power to control the disposition of the cases on its docket. *Smith v. Mail Boxes, Etc., U.S.A., Inc.*, 191 F.Supp.2d 1155, 1157 (E.D.Cal. 2002). A district court's exercise of this power " is incidental to the power

---

[1] *Daubert v. Merrill Dow Pharmaceuticals*, 509 U.S. 579, 592-94 (1993).

inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *accord Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") Staying a case is appropriate when the Court determines that a stay would serve the interests of judicial economy and efficiency, and the parties will not be prejudiced. *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir.), *cert. denied*, 444 U.S. 827 (1979). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Id.* at 863-64.

Granting a stay pending resolution of the admissibility of Dr. Sturchio's testimony promotes the policy interests of control, efficiency, and fairness. This Court faces the identical issue of admissibility with regard to Dr. Sturchio's testimony that is pending resolution before the Ninth Circuit Court of Appeals. Were this Court to conduct a *Daubert* hearing and render a decision regarding the admissibility of Dr. Sturchio's testimony prior to the Ninth Circuit's decision in *City of Pomona*, the party disappointed by the outcome, whether Plaintiff or Defendants, would certainly appeal the determination. Delay will promote judicial efficiency and economy, provide guidance to this Court, and avoid unnecessary costs and fees.

Further nothing in the record indicates that either party will be prejudiced by a temporary stay. Defendants' arguments that evidence will become unavailable are not persuasive, particularly in light of the substantial discovery that has already occurred and the certainty that all court, attorney and expert time, and other expenses would be wasted if the Ninth Circuit Court were to eliminate Plaintiff's litigation strategy by upholding the Central District Court's determination in *City of Pomona.* Indeed, if Dr. Sturchio's testimony is not admissible, Plaintiff has indicated that it will likely dismiss this case.

### Conclusion and Order

In accordance with the foregoing discussion, the Court hereby ORDERS:

1. The proceedings in this matter are hereby STAYED through October 31, 2012.

2.   On or before November 1, 2012, the parties shall file a report regarding the status of the pending appeal to permit the Court to determine whether the stay of proceedings should be continued in this action or whether it should be lifted.

3.   In the event that the Ninth Circuit Court issues an opinion in *City of Pomona*, the parties shall notify the Court within ten (10) days thereafter.

4.   Defendant's pending Motion for a "Lone Pine" Case Management Order (Doc. 11) is hereby VACATED.  Defendant may re-notice its motion after the Stay has been lifted.

IT IS SO ORDERED.

**Dated:    June 6, 2012**                                     /s/ Sandra M. Snyder
                                                      UNITED STATES MAGISTRATE JUDGE