IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF LINDSAY, | CASE NO. 1:11-CV-00046-LJO-SMS |
| Plaintiff, | **ORDER ON RECONSIDERATION OF STAY** (Doc. 65) |
| vs. | |
| SOCIEDAD QUIMICA Y MINERA DE CHILE S.A., et al., | |
| Defendants. | |

**INTRODUCTION**

Defendant SQM North America Corporation ("SQMNA") seeks reconsideration of Magistrate Judge Snyder's June 7, 2012, order granting plaintiff City of Lindsay's ("Lindsay") request to stay the proceedings pending the Ninth Circuit's decision in *City of Pomona v. Sociedad Quimica y Minera de Chile S.A.*, (9th Cir No. 12-55147). For the reasons discussed below, this Court DENIES SQMNA's motion for reconsideration.

**BACKGROUND**

**A. The Lindsay Case**

Lindsay owns and operates a public drinking water system. (Doc. 35-1, ¶ 2). In December 2007, it discovered that one of its three drinking water wells contained the toxic chemical perchlorate. (Doc. 35-1, ¶ 2). As a result, Lindsay became unable to use the well pending construction of a treatment

facility capable of removing the chemical. (Doc. 35-1, ¶ 2). Lindsay alleges that the contamination occurred due to the use of fertilizer products that contained perchlorate and that SQMNA and Sociedad Quimica y Minera de Chile ("SQM") manufactured and distributed these products. (Doc. 1-1, ¶ 2-3). On October 15, 2010, Lindsay filed a complaint against SQMNA and SQM[1] in Tulare County Superior Court. (Doc. 1-1, p. 2). Defendants removed the case to this Court on January 10, 2011. (Doc. 1).

**B. The Pomona Case**

Counsel for Lindsay also represents the City of Pomona ("Pomona") in a case out of the Central District of California, *City of Pomona v. Sociedad Quimica y Minera de Chile S.A.*, (C.D. Cal. No. 2:11-cv-00167-RGK-VBK). (Doc. 35-1, ¶ 5). Like the instant case, several of Pomona's drinking water wells contain perchlorate and Pomona alleges that defendants' fertilizer products caused the contamination. (Doc. 35-1, ¶ 5-6). Counsel retained Neil Sturchio, Ph.D., ("Dr. Sturchio") to serve as an expert witness in both cases. (Doc. 35-1, ¶ 8). Dr. Sturchio is an isotopic geochemist and has used the technique of stable isotope analysis to determine that the predominant source of the perchlorate in Lindsay and Pomona's wells is from Chilean caliche ore. (Doc. 35-1, ¶ 8). This is relevant because it is alleged that this type of ore is found exclusively in defendants' fertilizer products. (Doc. 35-1, ¶ 3).

On November 23, 2011, defendants filed a *Daubert*[2] motion in *City of Pomona* to exclude the testimony of Dr. Sturchio. (Doc. 35-1, ¶ 9). On January 5, 2012, Judge Klausner granted defendants' motion and excluded Dr. Sturchio's opinions regarding the source of the perchlorate in Pomona's water. (Doc. 35-1, ¶ 9). Judge Klausner excluded Dr. Sturchio's opinions on the ground that the test methods used did not meet the reliability standards set forth in *Daubert*. (Doc. 66-2, p. 1). Judge Klausner reasoned that the procedures used by Dr. Sturchio are not generally accepted by the scientific community

---

[1] SQMNA and SQM will be referred to collectively as "defendants."

[2] 
Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, a court must determine whether an expert is "proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." 509 U.S. 579, 592-93 . . . (1993). This analysis "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue."

*Wagner v. County of Maricopa*, 673 F.3d 977, 988-89 (9th Cir. 2012).

and that Dr. Sturchio's reference database was too limited to reliably comment on the exclusive location of the potential source of the perchlorate with an acceptable rate of error. (*Id*.). Pomona appealed Judge Klausner's order. (Doc. 35-1, ¶ 9). On appeal, Pomona argued that the district court applied the wrong legal standard and made factual findings that are not supported by the record. (Doc. 35-1, ¶ 9). The appeal is currently pending before the Ninth Circuit, *City of Pomona*, (9th Cir. No. 12-55147).

**C. Motion to Stay**

On February 3, 2012, Lindsay moved to stay proceedings in this action until resolution of the appeal in the Pomona case. (Doc. 35). Judge Snyder granted Lindsay's motion. (Doc. 63). Judge Snyder determined that granting the stay promotes the policy interests of control, efficiency, and fairness because if the Court were to "conduct a *Daubert* hearing and render a decision regarding the admissibility of Dr. Stuchio's testimony prior to the Ninth Circuit's decision in *City of Pomona*, the party disappointed by the outcome . . . would certainly appeal the determination. [Thus,] [d]elay will promote judicial efficiency and economy, provide guidance to this Court, and avoid unnecessary costs and fees." (Doc. 63, p. 4:14-18).

Judge Snyder further determined that nothing in the record indicated that either party would be prejudiced by the stay. (Doc. 63, p. 4:19-20). Judge Snyder was unpersuaded by defendants' argument that evidence would become unavailable, especially in light of the substantial discovery that has already occurred. (Doc. 63, p. 4:20-21). Judge Snyder further noted that "if Dr. Sturchio's testimony is not admissible, [Lindsay] has indicated that it will likely dismiss this case." (Doc. 63, p. 4:24-25). Thus, any further discovery would be wasted if the Ninth Circuit were to "eliminate [Lindsay's] litigation strategy by upholding the Central District Court's determination in *City of Pomona*." (Doc. 63, p. 4:23-24). Judge Snyder stayed the proceedings through October 31, 2012, and ordered a status report regarding the pending appeal, due on November 1, 2012, to determine whether the stay should be continued or lifted. (Doc. 63, p. 4:28-5:1-3).

On June 13, 2012, SQMNA requested clarification regarding the scope of the stay. (Doc. 64). SQMNA requested clarification regarding: (1) whether it could complete discovery that should have been answered before the stay was issued; (2) whether it was precluded from conducting discovery to third parties; and (3) whether "litigation hold" subpoenas to third parties are permissible during the stay. (Doc.

64, p. 2). On June 25, 2012, Judge Synder clarified the stay order and explicitly stated that "neither party may proceed with any discovery or litigation proceedings related to discovery until such time as the Court lifts the stay." (Doc. 67, p. 2:7-8).

**D. Motion for Reconsideration**

On June 21, 2012, SQMNA filed the instant motion for reconsideration (Doc. 65) to which Lindsay filed an opposition (Doc. 68). SQMNA raises four arguments. First, it contends that the stay order is based on the clearly erroneous assumption that Lindsay will dismiss this action if Pomona loses its appeal. (Doc. 65, p. 9:3-5). Next, SQMNA asserts that the stay order is highly prejudicial because it prevents SQMNA from collecting relevant discovery materials. (Doc. 65, p. 9:14-10:2). Third, it argues that the stay order is based on the unsupported assumption that evidence will be just as easy to gather six months from now. (Doc. 65, p. 10:3-5). Finally, SQMNA maintains that Judge Snyder failed to consider the extensive time and effort it expended in issuing discovery and negotiating production from third parties. (Doc. 65, p. 10:23-25).

**LEGAL STANDARD**

"A party seeking reconsideration of [a] Magistrate Judge's ruling shall file a request for reconsideration," pursuant to Local Rule 303(c). The party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse the prior decision. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a). As such, the Court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. FED. R. CIV. P. 72(a); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997) (internal quotation marks omitted); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003). "In contrast, the contrary to law standard . . . permits independent review of purely legal determinations by the magistrate judge." *Green*, 219 F.R.D. at 489

(internal quotation marks omitted). Thus, a District Court may overturn a Magistrate Judge's "conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes or case precedent." *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983).

With these standards in mind, this Court turns to SQMNA's criticisms of Judge Snyder's June 7, 2012, order.

**DISCUSSION**

**A. Dismissal Finding**

SQMNA contends that Judge Synder's June 7, 2012, stay order is based on the clearly erroneous assumption that Lindsay will dismiss this action if Pomona loses its appeal.

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule . . . does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979).

Judge Snyder exercised her ability to stay the proceedings based, in part, on her determination that if the Ninth Circuit determines that Dr. Sturchio's testimony is not admissible, Lindsay "has indicated that it will likely dismiss this case." (Doc. 63, p. 4:25). SQMNA contends that this finding is clearly erroneous because Lindsay "has acknowledged that Dr. Sturchio's testimony is not decisive and that it is able to sustain its burden of proof with other expert testimony." (Doc. 65, p. 9:5-6). In support of its argument, SQMNA points to a portion of Lindsay's motion to stay which provides that, "if the Ninth Circuit were to affirm the exclusion of Dr. Sturchio's opinions, Lindsay would consider relying solely on non-expert causation evidence or developing causation evidence using different scientific methodologies, such as hydrogeology." (Doc. 35, p. 11:12-14). SQMNA accurately quotes from Lindsay's motion to stay. Thus, if the Ninth Circuit affirms the exclusion of Dr. Sturchio's opinions, Lindsay may continue with the case based on another legal strategy.

However, in Lindsay's response to SQMNA's status update regarding the pending motion to stay, Lindsay clarified that:

> If this Court grants [Lindsay]'s Motion for Stay, and Judge Klausner's order

> excluding Dr. Sturchio in the *Pomona* case is ultimately affirmed on appeal on the basis that Dr. Sturchio's stable isotopic analysis is unreliable as a method for determining the origin of perchlorate in water, [Lindsay] intends to seek dismissal of this lawsuit.

(Doc. 54, p. 2:16-19). In a footnote Lindsay added:

> In the unlikely event that the Ninth Circuit affirms Judge Klausner's order solely on the basis that Dr. Sturchio's specific application of his isotopic methodology in the *Pomona* litigation was unreliable, [Lindsay], of course, reserves its rights to proceed with this lawsuit and address any case-specific issues with respect to Dr. Sturchio's opinions herein.

(Doc. 54, p. 2, fn.1). Lindsay's statement that if the "order excluding Dr. Sturchio in the *Pomona* case is ultimately affirmed on appeal on the basis that Dr. Sturchio's . . . method[s are unreliable] . . . [Lindsay] intends to seek dismissal of this lawsuit," indicates a likelihood that Lindsay will dismiss this case depending on the outcome of the Pomona case. Thus, Judge Synder's decision to stay the proceedings was not based on a clearly erroneous assumption. *See Sec. Farms*, 124 F.3d at 1014 ("[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed.") (internal quotation marks omitted).

**B. Prejudice**

SQMNA asserts that the stay order is highly prejudicial because it will prevent it from obtaining the following: (1) information regarding Lindsay's groundwater wells and its cleanup of the Olive Growers plant and brine ponds; (2) information from aging third party witnesses; (3) documentation from certain corporations; and (4) groundwater and soil samples that Lindsay will have unlimited access to.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

Judge Snyder weighed the competing interests at stake and determined that granting the stay would promote "the policy interests of control, efficiency, and fairness." (Doc. 63, p. 4:12). In reaching this conclusion, Judge Snyder found that nothing in the record indicated that either party would be prejudiced by a temporary stay. (Doc. 63, p. 4:19-20). SQMNA argues that this finding is clearly erroneous in light of the fact that the stay order will prevent it from obtaining information regarding

Lindsay's groundwater wells and its cleanup of the Olive Growers plant and brine ponds. Although the stay order will prevent SQMNA from obtaining this information, SQMNA fails to explain how the inability to obtain this information will prejudice its defense or why it cannot obtain the evidence after the stay is lifted. With regard to the aging third party witnesses, SQMNA fails to identify which witnesses fall into this category and the importance of their testimony. Moreover, a witness of sixty years old, absent health problems, can surely withstand the four month stay. SQMNA further asserts that it will be prejudiced by the stay because certain pieces of documentary evidence are difficult to obtain in light of the fact that several corporations have changed hands several times. Absent from SQMNA's argument is an explanation as to how the ability to obtain the evidence during the pendency of the stay would make this "difficult to obtain" evidence obtainable. Finally, SQMNA contends that Lindsay will have unlimited access to soil and groundwater sampling data and SQMNA will have none. SQMNA points out that while Dr. Sturchio continues to collect samples and improve his methodologies, SQMNA will be unable to run similar tests. (Doc. 65, p. 9:28-10:2). Although Lindsay will continue to have access to its soil and groundwater for sampling, SQMNA fails to explain how its inability to collect these samples during the stay will prejudice its defense or how Dr. Sturchio's access to the samples will improve his methodologies. Accordingly, SQMNA has failed to show that Judge Snyder's finding that "nothing in the record indicates that either party will be prejudiced by [the] temporary stay," was clearly erroneous. *See Sec. Farms*, 124 F.3d at 1014 ("[R]eview under the clearly erroneous standard . . . requir[es] a definite and firm conviction that a mistake has been committed.") (internal quotation marks omitted).

**C. Time Sensitive Evidence**

SQMNA contends that the stay order is based on the unsupported assumption that the evidence will be just as easy to gather six months from now. In the stay order, Judge Snyder determined that nothing in the record indicated that either party would be prejudiced by a temporary stay and explicitly stated that she was unpersuaded by SQMNA's arguments that evidence would become unavailable. (Doc. 63, p. 4:20). SQMNA now argues that this finding was clearly erroneous because "the complicated nature of importation, recharge and migration of groundwater make real time evidence important." (Doc. 65, p. 10). This argument does not leave the Court with "a definite and firm conviction that a mistake has

7

been committed," *id.* (internal quotation marks omitted), because SQMNA fails to explain how "the complicated nature of importation, recharge and migration of groundwater" makes real time evidence important.

**D. Failure to Consider Effort in Issuing Discovery**

SQMNA argues that Judge Snyder failed to consider the extensive time and effort it expended in issuing discovery and negotiating production from third parties. When a court exercises its power to stay proceedings it "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. In weighing the competing interests at issue in this case, Judge Snyder determined that granting the stay promoted "the policy interests of control, efficiency, and fairness." (Doc. 63, p. 4:12). Although Judge Snyder did not explicitly reference the extensive time and effort SQMNA expended in issuing discovery, this Court cannot say that Judge Snyder did not weigh this fact in light of the declaration of Michael K. Johnson. Mr. Johnson's declaration was filed in support of SQMNA's opposition to the motion to stay. (Doc. 40). The declaration carefully details the items reviewed and investigated by SQMNA. (Doc. 40, ¶ 11-18). Accordingly, Judge Snyder was well aware of the time and effort SQMNA expended but determined that the effort did not outweigh the policy interests of "control, efficiency, and fairness." (Doc. 63, p. 4:12).

Moreover, to the extent that SQMNA is worried that the information requested in its pending discovery and subpoena requests will be lost during the pendency of the stay, the worry is unfounded. As pointed out by Lindsay, "Lindsay has a continuing obligation to preserve relevant documents." (Doc. 68, p. 7:20-21). *See WM. T. Thompson Co. v. Gen. Nutrition Corp., Inc.*, 593 F. Supp. 1443, 1455 (C.D. Cal. 1984) ("While a litigant is under no duty to keep or retain every document in its possession once a complaint is filed, it is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, and/or is the subject of a pending discovery request."). Regarding the third party subpoenas, any third party that fails to comply with the issued subpoenas once the stay is lifted can be held in contempt absent an adequate excuse. *See* FED. R. CIV. P. 45(e) ("The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."). Thus, the information requested in SQMNA's pending discovery and subpoena requests

will not be lost during the pendency of the stay.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES SQMNA's motion for reconsideration.

IT IS SO ORDERED.

**Dated:   July 9, 2012**                                      /s/ Lawrence J. O'Neill

UNITED STATES DISTRICT JUDGE